UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

COREY JOSEPH A. SHAW,

    Plaintiff,

    v.

TOM DART, et al.,

    Defendants.

Case No. 2:24-CV-00026-GSL-APR

## OPINION AND ORDER

This matter is before the Court on Defendants' February 2, 2024, Motion to Dismiss. [DE 62]. Plaintiff did not file a response. For the reasons set forth below, the Court grants Defendants' Motion and dismisses Claims 1-12 with prejudice.

### Factual Background[1]

On September 30, 2009, Plaintiff Corey Joseph Antwoine Shaw was sentenced in Lake County, Indiana, to five years of prison and two years of probation. [DE 35 at ¶ 10]. Plaintiff's two-year probation started May 11, 2014, with a discharge date of May 11, 2016. [*Id.* at ¶¶ 11-12]. The discharge date was extended by six months to November 11, 2016, because Plaintiff violated a condition of his probation. [*Id.* at ¶ 12]. Defendant Probation Officer Erin Stokes ("Defendant Stokes") told Plaintiff that his probation would be discharged following this extension if he abided by the conditions of his probation. [*Id.* at ¶ 13]. Plaintiff did not violate any of the conditions, but Defendant Stokes failed to discharge Plaintiff from probation on November 11, 2016. [*Id.* at ¶ 14].

---

[1] These are the facts as plead in Plaintiff's Amended Complaint. [DE 35].

On June 21, 2019, Defendant Probation Officer Jacob Otto ("Defendant Otto") filed a Petition to Revoke Plaintiff's probation, and an arrest warrant was issued for Plaintiff in Lake County, Indiana. [*Id.* at ¶ 15]. On August 9, 2019, an Illinois State Police Officer stopped Plaintiff. [*Id.* at ¶ 16]. The officer searched for Plaintiff's name and found the Lake County warrant. [*Id.*]. Plaintiff was arrested and taken to Cook County Jail. [*Id.*].

In his first court appearance following this arrest, Plaintiff accepted a plea agreement, and he was transferred to Lake County Jail in Indiana. [*Id.* at ¶¶ 28-29]. Plaintiff's next court appearance was before a magistrate judge, where Plaintiff learned that the warrant was for an alleged probation violation. [*Id.* at ¶ 33]. Several weeks later, at the violation of probation hearing, Plaintiff was placed back on probation. [*Id.* at ¶ 34]. Defendant Otto told Plaintiff that compliance with this term of probation meant moving from Illinois to Indiana and ceasing the use of medical marijuana to treat his Crohn's disease. [*Id.* at ¶¶ 34-35]. Plaintiff tested positive for marijuana in initial drug screenings, which Defendant Otto considered a violation. [*Id.* at ¶ 36].

In December 2019, Defendant Otto declined Plaintiff's request to change the date for their next meeting, scheduled for January 6, 2020. [*Id.* at ¶ 39]. Plaintiff attended the January 6, 2020, meeting and he was arrested pursuant to a warrant issued by Defendant Otto earlier that day after filing another revocation petition. [*Id.* at ¶¶ 40-41]. At his next court appearance, Plaintiff was released on bond. [*Id.* at ¶ 42].

On January 21, 2020, Plaintiff filed a motion to dismiss Defendant Otto's revocation petition and discharge Plaintiff from probation. [*Id.* at ¶ 43]. A hearing on the motion was scheduled for January 28, 2020, but on January 27, 2020, the State Court granted the State's

Motion to Withdraw the Revocation. [*Id.*]. The withdrawal filing stated that Plaintiff's probation should have been terminated in 2016, and the failure to do so was due to negligence. [*Id.*].

## Procedural History

On January 25, 2022, Plaintiff filed suit in the Northern District of Illinois. [DE 1]. He was granted leave to amend his complaint, and he filed it on December 20, 2022. [DE 35]. The 17-count Amended Complaint alleged violations of Indiana law and the U.S. Constitution against several Illinois and Indiana officials. This includes Claims 1-12 against Defendants Otto and Stokes, both of whom were Lake County, Indiana, probation officers when they interacted with Plaintiff.

On January 10, 2023, Defendants Otto and Stokes moved to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. [DE 38]. The Honorable LaShonda Hunt granted the Motion as to personal jurisdiction, but due to the "potential statute of limitations issues presented," she severed and transferred Claims 1-12 to this Court on January 19, 2024. [DEs 53, 56, 60]. Defendants Otto and Stokes filed the instant 12(b)(6) Motion to Dismiss. [DE 62]. Plaintiff did not file a response and the time to do so has passed, so the Court finds this motion ripe for disposition.[2]

## Legal Standard

In response to a complaint, a party may file a motion to dismiss the action asserting that the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint will survive a 12(b)(6) motion if it contains allegations that state "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

---

[2] This Court may summarily rule on a motion to dismiss if the nonmoving party does not file a response before the deadline. N.D. Ind. R. 7-1(d)(5). The nonmoving party must file its response within 21 days of service of the motion. N.D. Ind. 7-1(d)(2)(A).

3

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Under this plausibility standard, a court accepts "the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681). After a court excises legal conclusions and conclusory allegations from the pleading, it determines whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Id.* The Seventh Circuit has interpreted the *Twombly-Iqbal* standard to require a plaintiff to "provid[e] some specific facts" to support the legal claims asserted in the complaint. *Id.* (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## Discussion

Plaintiff's allegations are against Defendants Otto and Stokes in their individual and official capacities. Defendants Otto and Stokes's Motion to Dismiss argues that these allegations, Claims 1-12, fail to state a claim upon which relief can be granted because (1) all claims are time-barred, (2) the Eleventh Amendment of the U.S. Constitution prohibits damages suits against probation officers acting in their official capacity, (3) probation officers are cloaked with absolute judicial immunity, and (4) the Indiana State law claims are barred by the Indiana Tort Claims Act. [DE 63]. Because Plaintiff did not file a response to Defendants' Motion to Dismiss, the Court can only address the arguments made by Defendants.

A. **Defendant Stokes**

In Claim One, Plaintiff alleges that Defendant Stokes's failure to discharge Plaintiff's probation on November 11, 2016, was effectively a revocation devoid of due process in violation

of the Fourteenth Amendment. Plaintiff is seeking damages under 42 U.S.C. § 1983. The Court finds that this claim is time-barred.

Affirmative defenses, e.g., statute of limitations, are not typically resolved at the motion to dismiss stage, but "dismissal under Rule 12(b)(6) . . . is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017). Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). In Indiana, the statute of limitations for a § 1983 claim is two years. *Id.*; *see also Miles v. Vanderburgh County Jail*, 335 Fed. App'x. 633, 635 (7th Cir. 2009) ("Indiana indeed has a five-year statute of limitations for suits filed against [an officer] for acts performed in an official capacity, IND. CODE § 34–11–2–6, but § 1983—which does not have its own statute of limitations—incorporates the forum state's limitations period for personal-injury claims.") (internal citations omitted). A § 1983 claim accrues when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). A court determines this date by first identifying the injury and then determining the date the plaintiff could have sued for that injury. *Behavioral Institute*, 406 F.3d at 929. "That date should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Id.* (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1992)).

Claim One is based on Defendant Stokes's failure to discharge Plaintiff's probation. [DE 35]. Sometime before the discharge date of November 11, 2016, Defendant Stokes informed Plaintiff that probation would be discharged if Plaintiff did not incur any violations. [*Id.* at ¶ 13]. Plaintiff complied, pursuant to this warning, but Defendant Stokes failed to formally discharge

5

him on November 11, 2016. [*Id.* at ¶¶ 13-14]. Plaintiff's Amended Complaint alleges that the injury was a violation of his due process rights because the failed discharged was in effect a revocation. [*Id.* at ¶ 51].

Assuming the failed discharge was a revocation, the "onset" of the revocation would be the moment Defendant Stokes could no longer timely discharge the probation. That date is November 12, 2016. To the extent Defendant Stokes's failure to discharge violated Plaintiff's due process, Plaintiff knew, or should have known, of this potential § 1983 claim on November 12, 2016.[3] Plaintiff had until November 12, 2018, to file that claim. His January 25, 2022, complaint was too late. For this reason, the Court grants the dismissal of Claim One against Defendant Stokes.

### B. Defendant Otto

The remaining claims are against Defendant Otto. Claims Two, Seven, and Eight seek damages under 42 U.S.C. § 1983. Claims Three, Four, Five, Six, Nine, Ten, Eleven, and Twelve are brought under Indiana State law. The Court first address the federal claims.

#### 1. Federal Claims

In Claim Two, Plaintiff alleges that Defendant Otto's June 21, 2019, Petition to Revoke Plaintiff's Probation was untimely and devoid of due process in violation of the Fourteenth Amendment. For Claim Seven, Plaintiff alleges that Defendant Otto's January 6, 2020, Petition to Revoke Plaintiff's Probation was devoid of due process and probable cause in violation of the Fourteenth Amendment. For Claim Eight, Plaintiff alleges that Defendant Otto's January 6,

---

[3] As stated in the Amended Complaint, Plaintiff knew of the discharge date. [DE 35 at ¶¶ 12-13]. If proper discharge was of importance to Plaintiff, there was ample opportunity for Plaintiff to ensure he acquired it. Even if Plaintiff was unaware of the failure to discharge until some time between his August 9, 2019, arrest and his December 2019 meeting with Defendant Otto, the claim is time-barred. He would have had until December 2021 at the latest to file Claim One against Officer Stokes.

6

2020, warrant for Plaintiff's arrest was an unreasonable seizure in violation of the Fourth Amendment. For the following reasons, Claims Two, Seven, and Eight are dismissed.

As previously discussed in Section A, supra, the statute of limitations for a § 1983 action in Indiana is two years. The Amended Complaint states that Plaintiff filed a Motion to Dismiss Defendant Otto's Petition to Revoke Probation on January 21, 2020. [DE 35 at ¶ 43]. Plaintiff knew of the alleged injurious acts at least by this time, meaning he had until January 21, 2022, to file suit. His Initial Complaint was filed on January 25, 2022.

Claims Two, Seven, and Eight are time-barred, and therefore, dismissed.

### 2. State Claims

This leaves the claims arising under Indiana law. Claims Three, Four, Five, and Six, allege that Defendant Otto's June 21, 2019, Petition to Revoke Probation and issuance of an arrest warrant constituted Malicious Prosecution, False Imprisonment, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress, respectively. Claims Nine and Ten allege that Defendant Otto's January 6, 2020, charging Plaintiff with a violation of probation constituted Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress, respectively. Finally, Claims Eleven and Twelve allege that Defendant Otto's January 6, 2020, Petition to Revoke Probation and issuance of an arrest warrant constituted Malicious Prosecution and False Imprisonment, respectively. The Court declines supplemental jurisdiction over the foregoing state-law claims.

A district court may "decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Although the decision is discretionary, 'when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal

7

jurisdiction over any **supplemental** state-law claims.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). The case is still in its early stages, so it is appropriate that the Court relinquish jurisdiction to state court. Moreover, comity dictates that the state courts should have the opportunity to address any issues concerning state law, such as whether and to what extent immunities are recognized for probation officers in this type of case. *See Hansen v. Bd. of Tr. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3).") (internal citations omitted).

Therefore, Claims Three, Four, Five, Six, Nine, Ten, Eleven, and Twelve against Defendant Otto are dismissed.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. The Court hereby **DISMISSES**, with prejudice, Claims One, Two, Seven, and Eight against Defendants Stokes and Otto, in their individual and official capacities, for failure to state a claim upon which relief can be granted because the claims are time-barred. The Court **DISMISSES**, with prejudice, the remaining claims because it declines to exercise supplemental jurisdiction.[4]

SO ORDERED.

ENTERED: May 29, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[4] The Court does not reach questions of the type of immunity afforded to probation officers.