UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

COREY JOSEPH A. SHAW,

    Plaintiff,

    v.

ERIN STOKES, *et al.*,

    Defendants.

Case No. 2:24-CV-00026

**REPORT AND RECOMMENDATION**

This matter is before the court on the Motion for Relief Pursuant to Federal Rule of Civil Procedure 60 [DE 73] filed by the plaintiff, Corey Shaw, on May 29, 2025. For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**.

On January 25, 2022, Shaw filed a complaint in the Northern District of Illinois. For purposes of the pending motion, only two of the named defendants are relevant, Cook County Probation Officers Erin Stokes and Jacob Otto. The complaint alleged that Stokes was Shaw's probation officer and that she failed to note that he had satisfactorily completed his probation in November 2016.

Otto filed a petition alleging that Shaw had violated his probation in August 2019, and the petition served as a detainer when Shaw was arrested in Indiana. In his complaint, Shaw alleged a variety of legal theories based on the fact that he had completed his probation at the time he August 2019 Petition was filed. On January 18, 2024, the case was transferred to the Northern District of Indiana. [DE 60].

On May 29, 2024, District Judge Gretchen S. Lund granted the motion to dismiss filed by the Stokes and Otto. [DE 68]. The motion argued that the claims against the probation officers were barred by the statute of limitations, and Judge Lund agreed.

According to Shaw, he was not served with a copy of the motion to dismiss, so he filed a motion to reconsider the dismissal on June 5, 2024. Judge Lund denied the motion on June 25, 2024. Eleven months later, Shaw filed the pending motion to reconsider.

Although this motion purports to challenge the June 25 Order denying his first motion to reconsider, in fact it is directed to the May 29 Order dismissing Stokes and Otto.

> He [Shaw] relies on Rule 60(b)(1) because, as mentioned in his motion, he was surprised to learn that the motion filed by the State had even been filed. This created a [sic] exceptional circumstance, because the plaintiff had no opportunity to argue against it.

[DE 77 at 2]. The brief argues the statute of limitations issue on the merits and explains why, in his opinion, the original complaint was timely filed. Therefore, this motion challenges an order more than one year after it was entered.

In his reply, Shaw states that he "is relying on Rule 60(b)(1) . . . and Rule 60(b)(6) . . . ." [DE 77 at 1-2]. However, Rule 60(c)(1) provides a one-year statute of limitations for any motion filed under Rule 60(b)(1). As previously stated, the pending motion actually is challenging the May 29 Order regardless of what Shaw claims. A statute of limitations begins to run when the challenged incident occurs. In this case, the statute expired on May 28, 2025, the day before this motion was filed.[1] *Kemp v. U.S.*, 596 U.S. 528, 528 (2022) ("a party make seek relief within one year under Rule 60(b)(1)"); *In re Cook Medical, Inc.*, 27 F.4th 539, 541 (7th Cir. 2022); *Arrieta v.*

---

[1] The fact that Shaw filed the motion on May 29 suggests that he intended to challenge the May 29 Order, not the June 25 Order.

2

*Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006). To the extent that motion is relying on Rule 60(b)(1), it is untimely.

Rule 60(c)(1) also provides that any other claims for relief under Rule 60(b) must be filed within "a reasonable time." For no apparent reason, Shaw waited eleven months to challenge the June 25 Order denying his first motion to reconsider. The pending motion is untimely and fails for that reason alone.

If the motion is considered on the merits, the standard for a motion to reconsider is exacting. A second motion to reconsider, regardless of how it is titled, should be judged even more critically. Whether the motion is filed under Rule 59(e) or Rule 60(b), the standard remains the same:

> A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court."

*Van Dalsen v. Costello*, 2024 WL 3857897, at *1 (N.D. Ind. Aug. 19, 2024) (citing *Janky v. Batistados*, 2009 WL 10692471, at *1 (N.D. Ind. Aug. 24, 2009) (quoting *Orange v. Burge*, 451 F.Supp.2d 957, 961 (N.D. Ill. 2006); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Both the statute of limitations issue and the notice of the motion to dismiss issue have been decided adversely to Shaw in separate orders. He has failed to meet the exacting standard for a motion to reconsider either issue. Disgruntled litigants must accept adverse rulings rather than request multiple reviews of those decisions.

For these reasons, the court hereby **RECOMMENDS** that the District Court **DENY** this motion [DE 73].

This Report and Recommendation is submitted pursuant to **28 U.S.C. § 636(b)(1)(C)**. Pursuant to **28 U.S.C. § 636(b)(1)**, the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 22nd day of July, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge